IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYEL E. JOHNSON <u>et al.</u>      *
                                     *
v.                                   *
                                     *     Civil Action No. WMN-15-3839
AUTO SHOWCASE OF                     *
BEL AIR, INC. <u>et al.</u>          *
                                     *
                                     *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

<u>**MEMORANDUM**</u>

    This case was removed by Defendant Wells Fargo on the basis of federal question jurisdiction.  The Court has examined the grounds for removal <u>sua sponte</u>.  As detailed below, the Court does not have subject-matter jurisdiction over this action; therefore, this case will be remanded.[1]

    On November 2, 2015, Plaintiffs Darryel E. Johnson and Constance M. Fountain filed a Complaint in the Circuit Court of Maryland for Anne Arundel County against Defendant Wells Fargo Bank, National Association, trading as Wells Fargo Dealer Services (Wells Fargo); and Defendant Auto Showcase of Bel Air, Inc., trading as Auto Showcase of Glen Burnie (Auto Showcase). ECF No. 2.  Plaintiffs' three-count Complaint concerns their purchase of a 2010 BMW 5-Series Gran Turismo automobile from Auto Showcase, an automobile dealer, on May 15, 2015.  <u>Id.</u> at 2.

---

[1] As this case will be remanded, the Court will not address Wells Fargo's pending Motion to Dismiss.  ECF No. 18.

Plaintiffs allege breach of certain express and implied warranties pursuant to a Retail Installment Sale Contract and Security Agreement (RISC) executed at the time of purchase and assigned to Wells Fargo.  Id.

Wells Fargo removed this matter to this Court on December 17, 2015, ECF No. 1, and the Court issued its Standing Order Concerning Removal that same day.  ECF No. 14.  Wells Fargo's response to the Court's standing order explains that the sole basis for removal is federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act (MMWA) 15 U.S.C. § 2301 et seq. ECF No. 16.[2]  Wells Fargo asserts "this Court has jurisdiction over this controversy under 15 U.S.C. § 2310(d)(1)(B) and 28 U.S.C. § 1331, because the amount in controversy under the Plaintiffs' MMWA claim in Count III exceeds $50,000."  ECF No. 16 at 3.  Although Plaintiffs have not contested removal and Auto Showcase filed its consent to removal, ECF No. 9, the Court must nevertheless conduct its own inquiry to determine whether jurisdictional requirements have been met.

"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may ... be raised sua sponte by the court."  Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).  This is so

---

[2] Wells Fargo filed three responses to the Court's Standing Order Concerning Removal.  See ECF Nos. 15, 16, and 17.  The Court will refer to ECF No. 16 when citing Wells Fargo's response.

because "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  As such, subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. United States v. Cotton, 535 U.S. 625, 630 (2002).

The MMWA provides a cause of action in state or federal court for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA] or under a written warranty, implied warranty, or service contract."  15 U.S.C. § 2310(d)(1). Federal jurisdiction, however, is limited by 15 U.S.C. § 2310(d)(3)(b), which provides that "[n]o claim shall be cognizable in a suit" before a federal district court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  "All claims" does not include plaintiff's full demand.  Donahue v. Bill Page Toyota, Inc., 164 F. Supp. 2d 778, 783 (E.D. Va. 2001).  For example, attorney's fees cannot be used to fulfill the jurisdictional amount.  Saval v. BL Ltd., 710 F.2d 1027, 1032 (4th Cir. 1983). Further, pendent state law claims may not be applied.  Donahue,

164 F. Supp. 2d at 783.  Thus, the plaintiff must be seeking $50,000 in damages for breach of warranty under the MMWA. Collins v. Computertraining.com, Inc., 376 F. Supp. 2d 599, 602 (E.D. Va. 2005).  Generally, "the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."  Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981).

Counts I and II of the Complaint were brought under the MMWA against Auto Showcase.  Because Counts I and II are plead in the alternative, they will not be combined for the purpose of determining the amount in controversy.  In Count I, "Cancellation under MMWA," Plaintiffs seek cancellation of the RISC and monetary damages for the purchase price of the vehicle including interest and finance charges.  ECF No. 2 at 11.  Under the RISC, the total sale price of the vehicle was $42,906.96. ECF No. 1-2.  Plaintiffs financed $33,997.76 and agreed to incur a $8,909.20 finance charge.  Id.  The amount Plaintiffs could recover under the MMWA in Count I, therefore, is less than the statute's $50,000 amount in controversy requirement.  Count II, "Damages under MMWA," requests judgment for Plaintiffs and against Auto Showcase for $45,000 in actual damages, which is also less than the MMWA's amount in controversy requirement. ECF No. 2 at 11.

In Count III, "Claim against Wells Fargo under the FTC Holder Rule," Plaintiffs assert that under the RISC, Wells Fargo is subject to all claims asserted against Auto Showcase in Counts I and II.  Id. at 12-13.  In accordance with the requirements of the Federal Trade Commission's Rule on preservation of consumer's claims and defenses, 16 C.F.R. § 433, the following language was asserted into the RISC:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

ECF No. 1-2.  This contract provision, known as the FTC Holder Rule, effectively makes Wells Fargo, the holder of the credit contract, responsible for claims Plaintiffs may have against Auto Showcase.  The Court has already determined that the claims asserted against Auto Showcase do not meet the amount in controversy requirement; therefore, even if Count III was brought under the MMWA,[3] it would not establish an amount in controversy over the $50,000 threshold.

---

[3] The Court assumes without deciding that Count III is essentially an action to enforce the RISC against Wells Fargo in accordance with the FTC Holder Rule, and as such, Count III is a state law contract claim which should not be included for purposes of determining the amount in controversy under the MMWA.

The MMWA's amount in controversy requirement "makes unmistakably clear Congress's recognition that many typical MMWA claims would likely involve far less than $50,000 and that it is important, [] to avoid such 'trivial or insignificant actions' being brought in federal courts."  <u>Donahue</u>, 164 F. Supp. 2d at 782 (quoting H.R. Rep. No. 93-1107 (1974), <u>reprinted in</u> 1974 U.S.C.C.A.N. 77002, 7724).  Plaintiffs' Complaint correctly proffers that "[t]he Circuit Court of Maryland has exclusive subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 2310(d) because the amount in controversy is less than $50,000."  ECF No. 2 at 3.  Because the amount in controversy requirement for federal jurisdiction has not been met, this Court does not have federal question jurisdiction and the case must be remanded to the Circuit Court of Maryland for Anne Arundel County.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: April 21, 2016